UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **MANTOR AUTO & TRUCK REPAIR, LLC** : <br> 825 W. Russell Rd. : <br> Sidney, OH 45365 : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> **TRISURA SPECIALTY INSURANCE** : <br> **COMPANY** : <br> c/o Michael Beasley, Registered Agent : <br> 210 Park Ave., Suite 1300 : <br> Oklahoma City, OK 73102 : <br> : <br> Defendant. : | Case No. <br><br> JUDGE |

## COMPLAINT

Now comes Mantor Auto & Truck Repair, LLC ("Mantor") and states for its Complaint against the above captioned Defendant as follows:

## PARTIES

1. Mantor is an Ohio limited liability company having its principal place of business in Shelby County, Ohio. Mantor is in the business of providing towing and recovery services.

2. Defendant Trisura Specialty Insurance Company ("Trisura") is an Oklahoma corporation doing business as an insurance company. Upon information and belief, Trisura regularly provides insurance products to persons within the State of Ohio.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Mantor's claim under the MCS-90 Endorsement pursuant to 28 U.S.C. §1331.

4. The claims brought in this litigation relate to services that were performed

1

exclusively in Shelby County, Ohio, and thus venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2).

## GENERAL ALLEGATIONS

5. On September 27, 2022, Mantor received a request from law enforcement to immediately respond to a commercial vehicle accident on I-75 northbound in Shelby County, Ohio (the "Accident").

6. The motor carrier operating the commercial vehicle involved in the Accident was AKS Logistics LLC, a motor carrier licensed (at the time) to transport cargo in interstate commerce under DOT# 3413907 and MC# 1101513 ("AKS").

7. On the date of the Accident, Trisura was the public liability insurer for AKS, meaning Trisura issued a commercial auto liability policy to AKS that was in force and evidence of the auto liability policy was provided to the Federal Motor Carrier Safety Administration.

8. Following Mantor's arrival at the scene of the Accident, Mantor provided various heavy-duty towing and recovery services to AKS. These services resulted in restoring the traveling public's loss of use of a vital roadway and remediating various pollutants that were discharged as a result of the incident.

9. Subsequent to the recovery, Mantor issued an invoice to AKS, but AKS failed to pay the invoice.

10. On January 25, 2023, Mantor initiated a lawsuit against AKS in the Shelby County Court of Common Pleas, Case No. 23CV000023, seeking payment on the invoice.

11. On April 7, 2023, the Shelby County Court of Common Pleas entered an Entry of Default Judgment (the "Final Judgment") against AKS and in favor of Mantor in the amount of $46,210.17. A copy of the Final Judgment is attached hereto as Exhibit A.

12. In addition to the monetary award, the Court issued a declaratory judgment pursuant to Ohio Revised Code §2721.02 declaring the following:

    a. That the motor vehicle giving rise to the Accident in the action was operated by AKS;

    b. That AKS's commercial motor vehicle was engaged in interstate commerce when the Accident occurred;

    c. That the Accident resulted from the negligence of AKS in connection with AKS's operation, maintenance, or use of the commercial motor vehicle; and

    d. That "the judgment amount of $46,210.17 reflects all sums due and owing to Mantor for 'public liability' as that term is used in the Endorsement for Motor Carrier Policies and Insurance for Public Liability under Section 29 and 30 of the Motor Carrier Act of 1980, otherwise known as the MCS-90 Endorsement."

13. In accordance with Section 29 and 30 of the Motor Carrier Act of 1980, all public liability insurance policies issued to a licensed for-hire motor carrier include an Endorsement for Motor Carrier Policies of Insurance for Public Liability, otherwise known as the MCS-90 Endorsement.

14. The MCS-90 imposes upon the insurer an obligation:

> [T]o pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Section 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy…

15. Public liability is defined to mean "liability for bodily injury, property damage, and environmental restoration."

16. On the same day Mantor filed the Motion for Default Judgment, Mantor issued a

correspondence to Trisura via certified mail notifying Trisura of Mantor's filing so that Trisura could take any action it deemed appropriate. The certified mail return receipt confirms that Trisura received the notice, but Trisura took no action following the filing of the Motion for Default Judgment.

17. On April 25, 2023, Mantor issued a correspondence to Trisura demanding payment of $46,210.17 pursuant to the MCS-90 Endorsement, but Trisura failed to respond.

18. The MCS-90 Endorsement further provides that "upon failure of the [insurance] company to pay any final judgment recovered against the insured as provided herein, the judgment credit may maintain an action in any court of competent jurisdiction against the company to compel such payment."

19. A copy of the MCS-90 Endorsement is attached hereto as <u>Exhibit B</u>.

### FIRST CLAIM FOR RELIEF
**(49 CFR 387.1 et seq./MCS-90 Endorsement)**

20. Mantor hereby adopts the preceding paragraphs and incorporates them by reference as if fully restated herein.

21. Trisura is obligated to pay, pursuant to the mandatory requirements of 49 CFR 387.1 et seq. and the MCS-90 Endorsement, any final judgment recovered against AKS stemming from AKS's negligence in the operation, maintenance, or use of a commercial motor vehicle in interstate commerce.

22. Mantor obtained the Final Judgment against AKS.

23. The Shelby County Court of Common Pleas has previously adjudicated, through its declaratory judgment powers under Ohio Revised Code §2721.02, that the Final Judgment amount satisfies the conditions precedent to Trisura's liability under the MCS-90 Endorsement – specifically, that the sums due and owing were for "public liability" as a result of AKS's

negligence in the operation of a commercial motor vehicle in interstate commerce.

24. Mantor notified Trisura of the Final Judgment and provided Trisura with an opportunity to make payment to Mantor.

25. Trisura breached its obligation under the MCS-90 Endorsement by failing to pay the Final Judgment amount of $46,210.17.

26. As a direct result of Trisura's refusal to pay the Final Judgment, Mantor has incurred additional expenses, attorney's fees, and post-judgment interest.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff requests this Court grant judgment against Defendant for the following:

1. On the First Claim for Relief, judgment against Trisura in the amount of $46,210.17 plus post-judgment interest to Mantor in satisfaction of the Final Judgment; and

2. For such other and further relief to which Mantor has demonstrated just entitlement.

Respectfully Submitted,

*/s/ Daniel J. Bennett*
Daniel J. Bennett (0079932)
Bennett Law Group, LLC
81 Mill St., Suite 300
Gahanna, OH 43230
Telephone: (614) 416-8147
Fax: (614) 416-8153
Email: dan@danbennettlaw.com
*Counsel for Plaintiff*